[Cite as *State v. Davis*, 2026-Ohio-2785.]

## IN THE OHIO COURT OF APPEALS
### FIFTH APPELLATE DISTRICT
### STARK COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. 2026CA00038 |
| Plaintiff - Appellee | Opinion And Judgment Entry |
| -vs- | Appeal from the Court of Common Pleas, Case No. 2025-CR-1750 |
| JOSEPH ALLEN DAVIS | Judgment: Affirmed |
| Defendant - Appellant | Date of Judgment Entry: July 20, 2026 |

**BEFORE:** Andrew J. King; Craig R. Baldwin; David M. Gormley, Judges

**APPEARANCES:** KYLE L. STONE, CHRISTOPHER A. PIEKARSKI, for Plaintiff-Appellee; JOSEPH ALLEN DAVIS, PRO-SE, for Defendant-Appellant.

*King, P.J.*

{¶ 1} Defendant-Appellant, Joseph Allen Davis, appeals the January 7, 2026 judgment entry of the Stark County Common Pleas Court denying his combined motion with three parts: motion to withdraw plea, petition for postconviction relief, and motion for stay of proceedings. Plaintiff-Appellee is State of Ohio. We affirm the trial court.

### FACTS AND PROCEDURAL HISTORY

{¶ 2} On September 30, 2025, the Stark County Grand Jury indicted Davis on one count of having weapons while under disability in violation of R.C. 2923.13. Said charge arose from a traffic stop for improper display of a license plate. After it was discovered that Davis was driving under suspension, an inventory search of his vehicle was conducted prior to towing; a loaded firearm readily accessible to Davis was discovered inside the vehicle.

{¶ 3}   On October 16, 2025, Davis pled guilty to the offense; the trial court found his plea was voluntarily, knowingly, and intelligently made.  By sentencing entry filed October 23, 2025, the trial court sentenced Davis to three years of community control.

{¶ 4}   Davis did not file an appeal.  Instead, on October 25, 2025, Davis filed a pro se combined motion to withdraw plea, petition for postconviction relief, and motion for stay of proceedings.  Davis argued lack of probable cause because the grand jury dismissed the underlying traffic charge, ineffective assistance of counsel for failing to challenge the unlawful stop and move to suppress evidence, coerced plea, and retaliatory prosecution.  By judgment entry filed January 7, 2026, the trial court denied the combined motion without conducting a hearing.

{¶ 5}   Davis filed an appeal with the following assignment of error:

I

{¶ 6}   "THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING RELIEF DESPITE NON-FRIVOLOUS CONSTITUTIONAL CLAIMS; INCLUDING UNLAWAFUL SEARCH AND SEIZURE, INEFFECTIVE ASSISTANCE OF COUNSEL, AND AN UNINTELLIGENT PLEA; AND BY FAILING TO PROVIDE A HEARING OR A FAIR AND MEANINFGUL REVIEW OF THOSE CLAIMS CONSISTENT WITH DUE PROCESS."

I

{¶ 7}   In his sole assignment of error, Davis claims the trial court erred in denying his combined motion.  We disagree.

{¶ 8}   Davis's combined motion had three parts: motion to withdraw plea, petition for postconviction relief, and motion for stay of proceedings.

## MOTION TO WITHDRAW PLEA

{¶ 9} Crim.R. 32.1 governs withdrawal of guilty plea and states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "'Manifest injustice relates to some fundamental flaw in the proceedings which result[s] in a miscarriage of justice or is inconsistent with the demands of due process.'" *State v. Eckley,* 2017-Ohio-8455, ¶ 19 (5th Dist.), quoting *State v. Williams,* 2004-Ohio-6123, ¶ 5 (10th Dist.). A post-sentence motion to withdraw "is allowable only in extraordinary cases." *State v. Smith,* 49 Ohio St.2d 261, 264 (1977).

{¶ 10} A defendant must support the allegations made in a motion to withdraw a guilty plea with affidavits and/or the record. *State v. Hutchison,* 2018-Ohio-200, ¶ 43 (5th Dist.). The defendant is "not entitled to a hearing where he or she failed to provide evidentiary-quality materials raising sufficient operative facts which would entitle the defendant to the requested relief." *Id.* The defendant must present evidence which meets a minimum level of cogency to support his or her motion. *Id.* "It is well-established that a mere change of heart is an insufficient basis for withdrawing a guilty plea." *State v. Parker,* 2025-Ohio-45, ¶ 15 (8th Dist.).

{¶ 11} "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus. "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.,* 19 Ohio St.3d 83, 87 (1985). Most instances

of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 12} Under this motion, Davis argued lack of probable cause because the grand jury dismissed the underlying traffic charge, ineffective assistance of counsel for failing to challenge the unlawful stop and move to suppress evidence, coerced plea, and retaliatory prosecution. Davis did not provide any articulable argument or submit any corroboration to support his claims. "Conclusory, self-serving allegations and unsubstantiated assertions are insufficient to demonstrate a manifest injustice or to warrant a hearing on a motion to withdraw a guilty plea." *State v. Williams,* 2022-Ohio-2043, ¶ 38 (8th Dist.).

{¶ 13} The trial court denied the motion because Davis "has not alleged any specific facts from the record or by way of affidavit that would demonstrate some fundamental flaw in the proceedings much less a miscarriage of justice or [an] inconsistency with due process." Judgment Entry filed January 7, 2026. We agree with the trial court's reasoning. Davis failed to meet his burden of showing a manifest injustice.

{¶ 14} Further, all of Davis's claims could have been raised on direct appeal; therefore, they are barred under the doctrine of res judicata. Under this doctrine, "[a] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed

lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry,* 10 Ohio St.2d 175, (1967), paragraph nine of the syllabus.

{¶ 15} Upon review, we find the trial court did not abuse its discretion in not holding a hearing nor in denying the motion to withdraw plea.

PETITION FOR POSTCONVICTION RELIEF

{¶ 16} Davis filed his petition for postconviction relief under R.C. 2953.21 which governs reversal of conviction and states in part:

> (A)(1)(a) A person in any of the following categories may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief:
>
> (i) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.

{¶ 17} "A petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction." *State v. Smith,* 2017-Ohio-2616, ¶ 13 (5th Dist.), citing *State v. Murphy,* 2000 Ohio App. LEXIS 6129 (10th Dist. Dec. 26, 2000). A petition for postconviction relief is a civil collateral attack on a criminal

judgment, not an appeal of that judgment. *State v. Calhoun,* 86 Ohio St.3d 279, 281 (1999). It does not, therefore, provide a petitioner a second opportunity to litigate his conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson,* 64 Ohio St.2d 107, 110 (1980); *State v. Lewis,* 2008-Ohio-3113, (5th Dist.) ¶ 8.

{¶ 18} In his petition, Davis argued ineffective assistance of counsel, unlawful seizure, and retaliatory prosecution. Davis's petition for postconviction relief suffers from the same pitfalls as his motion to withdraw plea.

{¶ 19} The trial court denied the petition because Davis "has failed to show that these issues 'could not have been fully adjudicated by the judgment and an appeal therefrom.' *State v. Blanton,* 2022-Ohio-3985. Thus, these claims are barred by res judicata." Judgment Entry filed January 7, 2026. We agree with the trial court's reasoning.

{¶ 20} On his claim of ineffective assistance of counsel, Davis failed to submit evidentiary quality material containing sufficient operative facts to demonstrate a substantial violation of any of trial counsel's essential duties in addition to prejudice arising from that ineffectiveness. *State v. Church,* 2018-Ohio-368 (5th Dist.), citing *Calhoun.* Further, Davis could have challenged the issues he now argues on direct appeal, but he did not. He may not now collaterally attack matters that he could have attacked on direct appeal. *State v. Cole,* 2 Ohio St.2d 112 (1982); *State v. Ishmail,* 67 Ohio St.2d 16 (1981). He has not produced "new evidence that would render the judgment void or voidable" nor has he shown that "he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik,* 2000 Ohio App. LEXIS 836, *1 (9th Dist. Mar. 8, 2000); *see State v. Cox,* 2019-Ohio-521, ¶ 11 (5th Dist.).

{¶ 21} Upon review, we find the trial court did not abuse its discretion in not holding a hearing nor in denying the petition for postconviction relief.

MOTION FOR STAY OF PROCEEDINGS

{¶ 22} Based upon our disposition of the motion to withdraw and the petition for postconviction relief, we find this motion to be moot.

{¶ 23} The sole assignment of error is denied.

{¶ 24} For the reasons stated in our accompanying Opinion, the judgment of the Stark County Common Pleas Court is AFFIRMED.

{¶ 25} Costs to Appellant.

By: King, P.J.

Baldwin, J. and

Gormley, J. concur.